**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

YOGESH KUMAR
(A File No. 216-982-606),

               Petitioner,

v.

ANDREWS, et al.,

               Respondents.

Case No. 1:26-cv-05799-JLT-EPG

ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

(Docs. 1, 2.)

## I.    INTRODUCTION

Before the Court is Yogesh Kumar's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (Doc. 7.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 4.) Neither party requests a hearing and both parties are amendable to a ruling on the underlying petition without further briefing. (*See* Doc. 7 at 2; Doc. 8 at 3.) As such, the Court decides this case on the underlying habeas petition.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution.[2] (Doc. 1 at 16–20.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.    BACKGROUND

Petitioner is a native and citizen of India who entered the United States in September 2022, where he was encountered by federal immigration officials. (Doc. 1 at 2; Doc. 7-1 at 2.) On September 12, 2022, DHS issued a Notice to Appear charging Petitioner as removable under INA § 212(a)(6)(A)(i). (Doc. 1-2 at 1; Doc. 7-1 at 3.) DHS subsequently released the Petitioner on an Order of Release on Recognizance and enrolled Petitioner in Alternatives to Detention ("ATD") program. (Doc. 1 at 2; Doc. 1-3 at 2–4.) According to Petitioner, he has "appeared for every ICE appointment, complied with every ATD requirement, [and] maintained continuous communication with immigration authorities." (Doc. 1 at 2.) Petitioner further indicates that he

---

[2] Because the Court grants the habeas petition on the Due Process Claim, the Court declines to address Petitioner's additional claims for relief. (*See* Doc. 1 at 21–25.)

"has never been arrested or convicted of any criminal offense and has only minor traffic violations." (*Id.*) Respondents do not offer evidence or argument to the contrary and the I-213 confirms that Petitioner has no criminal history. (Doc. 7; Doc. 7-1 at 2.) Since his release, Petitioner has maintained lawful employment with a valid employment authorization. (Doc. 1 at 2.)

On July 21, 2026, Petitioner appeared for a scheduled court hearing before the Sacramento Immigration Court. (Doc. 1 at 3.) At that time, the Immigration Judge ordered Petitioner removed. (Doc. 7-1 at 2.) After his court hearing, ICE approached the Petitioner and arrested him "for having [a] Final Order of Removal." (*Id.*) However, on July 22, 2026, Petitioner timely appealed his order of removal to the Board of Immigration Appeals. (*See* Doc. 10; Doc. 10-1 at 2, 5.) As such, Petitioner's order of removal is not administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i). After his arrest, ICE transferred the Petitioner to the Golden State Annex Detention Facility in McFarland, California, where he remains. (*See* Doc. 1 at 4.)

## IV.    DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing only that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. For the foregoing reasons, the Court **ORDERS:**

1.      The petition for writ of habeas corpus, (Doc. 1), is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.      The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

4.      The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

5.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  July 29, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.